CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 16 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MELISA D. OSCAR, | ) |
| Plaintiff, | ) Civil Action No. 5:10-cv-131 |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) By: Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Melisa D. Oscar, was born on August 31, 1983, has completed high school, and has earned a two-year diploma in paralegal studies. Oscar has previously worked as a fast food cashier and as a retail cashier. The Administrative Law Judge found that plaintiff last worked on a gainful basis prior to December 31, 2007. On January 15, 2008, plaintiff filed

applications for disability insurance benefits and for supplemental security income benefits. In filing her claims, plaintiff alleged that she became disabled for all forms of substantial gainful employment on December 31, 2007. She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Oscar met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Oscar's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 25, 2010, the Law Judge also determined that plaintiff is not entitled to disability insurance benefits or supplemental security income benefits. The Law Judge found that Oscar possesses the following severe impairments within the meaning of 20 C.F.R. §§ 404.1520(a) and 416.920(a): degenerative disc disease ("DDD") of the lumbar spine, diabetes, and obesity. The Law Judge also found that Oscar possesses a residual functional capacity ("RFC") to perform sedentary work with the ability to perform postural activities occasionally, except that she cannot use ropes or scaffolds and requires the ability to work either standing or seated. (TR 13.) In coming to this conclusion, the Law Judge stated that Oscar's "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms," but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible." (TR 15.) The Law Judge further found that Oscar is unable to perform any past relevant work, given that her previous cashiering jobs required a light level of exertion rather than sedentary exertion. Nevertheless, the Law Judge concluded that, considering Oscar's age, education, work experience, and RFC, she can still perform several jobs

at the sedentary level of exertion, such as a cashier or customer service representative.
Accordingly, the Law Judge concluded that Oscar is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g).

Oscar appealed the denial of her claims for disability insurance benefits and supplemental security income benefits to the Social Security Administration's Appeals Council. However, the Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Oscar has now appealed the denial of her claims to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that, while the evidence is in conflict, the Commissioner's denial of plaintiff's applications for disability insurance benefits and supplemental security income is supported by substantial evidence. See 42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The record indicates that Oscar suffers from several impairments, including obesity, diabetes, sciatica, DDD, and high

blood pressure. It is evident, however, that many of Oscar's impairments are not so severe or pervasive as to significantly limit her ability to perform gainful employment. As for her more severe impairments, substantial evidence supports the Law Judge's conclusion that they neither meet or medically equal a listed impairment, nor do they render her permanently disabled. No medical source has stated that Oscar suffers from a condition that could reasonably be expected to cause her disabling pain, nor has any medical source opined that Oscar actually suffers from disabling pain. Furthermore, the record supports the Law Judge's determination that Oscar retains the capacity to perform sedentary work in which she has the ability to make discretionary postural adjustments. Accordingly, the court will affirm the Law Judge's ultimate denial of benefits to Oscar. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

On appeal to this court, Oscar raises several arguments. She first argues that the Law Judge erred reversibly in concluding that her DDD did not meet or medically equal the listed impairment in § 1.04(A).[1] See 20 C.F.R. §§ 404.1526 and 416.926. Section 1.04(A) lists DDD resulting in compromise of a nerve root or the spinal cord as an impairment if there is accompanying evidence of nerve root compression, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and, if the lower back is involved, positive straight-leg raise testing. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A).

The court cannot agree that the Law Judge's determination on this issue was erroneous. A claimant bears the burden of proof to establish that she meets or equals a listed impairment. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The medical record is clear that Oscar's DDD

---

[1] If a claimant suffers from a listed impairment, the claimant must be determined to be disabled, without consideration of such factors as age, education, and prior work experience. See 20 C.F.R. §§ 404.1520(d) and 416.920(d).

4

does not "satisf[y] all of the criteria" in § 1.04(A). See 20 C.F.R. §§ 404.1525(d), 416.925(d). Although a January 2008 MRI revealed some evidence of nerve root displacement (TR 249) and a March 2009 straight leg test was positive (TR 363), there is nothing in the record to suggest that the motion of Oscar's spine is limited. Cf. § 1.04(A). Similarly, although one provider indicated in June 2009 that Oscar possessed decreased sensation to light touch over the lateral aspect of the distal left lower extremity and over the dorsum of the left foot (TR 399), an examination performed two months later revealed that she retained sensation to light touch throughout her upper and lower extremities. (TR 396.) Moreover, the record indicates that Oscar suffered little or no motor loss. Treating physicians recorded in March 2008 that Oscar "rises from sitting without difficulty and walks without a limp" (TR 333), and noted in May 2008 that Oscar's motor was "grossly intact with the exception of patient favoring her right leg, [and a] mild antalgic gait." (TR 336.) See also TR 339 (finding, in June 2008, motor and sensory intact except for the pain in Oscar's right leg). Treatment providers have consistently found Oscar to possess 5/5 muscle strength throughout. (TR 399.) The record therefore supports the Law Judge's conclusion that Oscar's DDD did not meet each of the criteria listed in § 1.04(A).

Nor has Oscar met her burden of showing that her impairments medically equal the impairment listed in § 1.04(A) inasmuch as she has produced no opinions from any medical source supporting such an assertion. Pass, 65 F.3d at 1203. In fact, the only medical opinions contained in the record are from State agency physicians, both of whom concluded that Oscar's infirmities did not medically equate to a listed impairment. (TR 327, 358-59.) Under the regulations, opinions given by State agency physicians are properly considered by the Law Judge in the determination of whether an impairment is medically equivalent to a listed impairment.

5

See 20 C.F.R. §§ 404.1526(c), 416.926(c). Under these circumstances, the court can only conclude that the Law Judge's determination that Oscar's DDD does not meet or medically equal the requirements of § 1.04(A) is supported by substantial evidence. Hays, 907 F.2d at 1456.

Oscar next contends that substantial evidence does not support the Law Judge's determination that Oscar does not suffer from a disabling degree of pain. As the Fourth Circuit has explained,

> for pain to be found to be disabling, there must be shown a medically determinable impairment which could reasonably be expected to cause not just pain, or some pain, or pain of some kind or severity, but the pain the claimant alleges she suffers. The regulation thus requires at the threshold a showing by objective evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant.

Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (citations omitted) (emphasis in original).

In this case, it is evident that substantial evidence supports the Law Judge's conclusion that Oscar has not met her "threshold obligation" of showing "by objective medical evidence" a condition that could reasonably cause the pain claimed. Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006). Simply put, the record contains no opinion or statement from any medical source asserting that Oscar either experiences disabling pain or suffers from a condition that could reasonably be expected to cause disabling pain. The only medical opinion evidence in this case comes from two State agency physicians, Drs. Kadian and Vinh, each of whom deemed Oscar able, despite her impairments, to perform light work, subject to the limitations later noted by the Law Judge. Both Dr. Kadian and Dr. Vinh reached this conclusion after having reviewed Oscar's medical records, including her January 2008 MRI. (TR 327, 358-59.) The record contains no submissions from any medical source contradicting the conclusions of Drs. Kadian and Vinh or opining that Oscar

6

suffered from impairments that could have caused the pain she alleges. Given that Oscar has produced nothing to rebut the findings of the State agency physicians, the court can hardly fault the Law Judge for giving their opinions "great evidentiary weight." (TR 16.) See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("[I]t is the responsibility of the Secretary and not the courts to reconcile inconsistencies in the medical evidence, and . . . it is the claimant who bears the risk of nonpersuasion.").

Because Oscar has not shown by objective medical evidence that she suffers from an impairment that could produce the degree of pain that she alleges, it was not reversible error for the Law Judge to discount her credibility respecting the intensity and severity of her pain. Cf. Craig, 76 F.3d at 595; Johnson, 434 F.3d at 653. Indeed, substantial evidence supports the Law Judge's ultimate determination that Oscar's maladies are not disabling, particularly in light of the fact that Oscar worked between 2005 and 2007, when she was affected with DDD "to virtually the same extent" as in 2008, Cauthen v. Finch, 426 F.2d 891, 892 (4th Cir. 1970); that she went shopping fortnightly, performed simple household chores, and provided child-care for her two-year-old nephew on several weekends over a two-month period in mid-2009 (TR 174-181, 379); that the pain associated with her DDD was alleviated after she received a steroid injection (TR 390); and that Tylenol Arthritis helped "significantly" in alleviating her symptoms. (TR 395.) Cf. Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983) ("Of course, a remediable impairment is not disabling."). Against this record, the court can only conclude that "more than a mere scintilla of evidence" supports the Law Judge's findings regarding the degree of Oscar's impairments and the intensity of her pain. Hays, 907 F.2d at 1456.

Oscar also argues before this court that the Law Judge erred in failing to consider all of

the residual effects and limitations of Oscar's diabetes when determining Oscar's RFC. She is incorrect. There is nothing in the record to suggest that Oscar's diabetes—either alone or in concert with Oscar's other impairments, see Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)—significantly impacts her ability to perform the available jobs that were identified by the Vocational Expert (the "VE"). First, there is no indication in the record that her diabetes is not subject to control. In fact, the record suggests that Oscar's diabetes is at times affected by her inattention to proper medication and diet. (TR 208, 372, 389-91.) The court therefore cannot second-guess the concomitant inference drawn by the Law Judge; namely, that, with proper attention to medication, her diabetes could be rendered vocationally irrelevant. See Dumas, 712 F.2d at 1553 (the Commissioner is entitled to rely not only on what the record says, but on what it does not say).

Second, the record reveals that the only residual effects linked to her diabetes are her hyperglycemia and some numbness and tingling in her left foot. (TR 38-39.) Although Oscar indicated during the hearing before the Law Judge that she occasionally had to sleep off the effects of her hyperglycemia, Oscar gave no indication as to how regularly this occurred. (TR 38-39.) Because Oscar has not alleged any residual effects stemming from her diabetes that would have prevented her from performing sedentary work with a postural adjustment option, the court cannot conclude that the Law Judge's determination of Oscar's RFC is unsupported by substantial evidence. Craig, 76 F.3d at 589.

Finally, Oscar urges that the Law Judge committed error with respect to the particular sit/stand option included in the hypothetical question that was posed to the VE. Oscar contends that the Law Judge erred by requesting that the VE factor into his calculations "the option to

stand periodically during the workday at [the employee's] discretion . . . while still remaining on task," instead of instructing the VE as to the frequency of the employee's need to alternate positions. (TR 51.) This contention is without merit. As other courts have observed, a job in which an employee could sit or stand at her discretion "would necessarily encompass frequent sitting and standing." Ketelboeter v. Astrue, 550 F.3d 620, 626 (7th Cir. 2008). Indeed, as recognized by Ketelboeter, the phrasing adopted by the Law Judge in this case is actually more flexible—and therefore more favorable to Oscar—than the language she now thinks he should have used. Id.

For the reasons stated, the court believes that the Commissioner's denial of plaintiff's claim for disability insurance benefits is supported by substantial evidence. It follows that the Commissioner's final decision in this case must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Oscar is free of all pain, discomfort, and weakness. Indeed, the medical record confirms that she has suffered from back pain and discomfort over a protracted period of time. Nevertheless, not a single medical provider believes that Oscar suffers from a disabling degree of pain or that her combined ailments could reasonably cause her disabling pain. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig, 76 F.3d at 594-95. As has been noted, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of

the Commissioner even if the court might resolve the conflicts differently. Richardson, 402 U.S. at 400; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws, 368 F.2d at 642. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 16th day of June, 2011.

_____
CHIEF UNITED STATES DISTRICT JUDGE